A89A0957. DEPARTMENT OF HUMAN RESOURCES v. CROSBY.
(387 SE2d 608)

BENHAM, Judge.

We granted the Department of Human Resources' (DHR) application for discretionary appeal to determine whether the trial court abused its discretion when it denied DHR's motion to compel appellee, Roy Crosby, the putative father of the minor child, Chad Lee, to submit to a human leucocyte antigen (HLA) blood test. See OCGA § 19-7-45. We find no such abuse of discretion.

At a hearing on the motion, it was adduced that this is the third paternity action brought by the minor child's mother, Kathy Lee, on behalf of the four-year-old child. A previous action had been brought against Crosby, and another action had been brought against Charles Overstreet, who, after submitted to testing, was determined not to be the father. Both actions were voluntarily dismissed. The child's mother testified that the two men in question were the only ones with whom she had had sexual intercourse at the time of conception. The trial court denied the motion to compel the testing.

1. Appellant contends that the evidence was overwhelming in support of its motion and that the trial court based its ruling on the fact that the child was four years old at the time this suit was filed. We find these contentions to be without merit in light of the record before us. Although the trial court commented on the child's age dur-

ing the hearing when it indicated that it would deny the motion, it did not state specifically at the close of the evidence when it issued its oral ruling that the child's age was the one and only reason it was denying the motion; it merely denied the motion. The written order denying the motion does not give any specific reason for the denial. Our state statute governing HLA blood tests still permits the trial court to exercise its discretion in whether or not to order such testing (OCGA § 19-7-45), and we find no abuse of discretion in this case. Of course, at the trial of the paternity action, the mother can use appellee's refusal to submit to the blood test to show that he is not precluded from being the child's father. OCGA § 19-7-46.

2. We find no basis for concluding that the trial court limited the testimony given by the child's mother at the hearing. The trial court allowed appellant to present all the evidence relevant to this issue that appellant wished to present, and it properly restricted the testimony regarding the "passionate details" of the sexual relations between the child's mother and alleged father.

3. Nor do we find merit in appellant's assertion that the trial court erroneously refused to allow appellant to call appellee, a subpoenaed witness, to the stand to testify whether or not he had had sexual relations with the child's mother. The trial court concluded that such testimony was not necessary on the motion for the blood test and that the issue would be taken up at the paternity trial. We agree. No harmful error occurred as a result of the trial court's decision to refuse the testimony sought.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 31, 1989.

*Harry D. Dixon, Jr., District Attorney, George E. Barnhill, Assistant District Attorney*, for appellant.
*M. Theodore Solomon II*, for appellee.